Tanasi v. New Alliance Bank

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

August Term, 2014

(Argued: February 25, 2015                    Decided: May 14, 2015
                                                          Amended: May 21, 2015)

Docket No. 14-1389

_____

PATRICK TANASI, ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED,

*Plaintiff–Appellee,*

—v.—

NEW ALLIANCE BANK, FIRST NIAGARA FINANCIAL GROUP, INC.,

*Defendants–Appellants.*

_____

B e f o r e:

KATZMANN, *Chief Judge*, WALKER and CHIN, *Circuit Judges*.

_____

Interlocutory appeal from decision and order entered on August 27, 2013, by the United States District Court for the Western District of New York (Skretny, *C.J.*), denying the defendants' motion to dismiss in part on the grounds that the plaintiff's putative class action claims remained justiciable even though the plaintiff's individual claims were rendered moot by an unaccepted offer of complete relief made pursuant to Rule 68 of the Federal Rules of Civil Procedure. We **AFFIRM** the district court's denial of the defendants' motion to dismiss on the alternative ground that the plaintiff's individual claims were not rendered moot by the unaccepted Rule 68 offer because the district court had not entered judgment against the defendants. We decline to decide whether the plaintiff's putative class action claims brought pursuant to Rule 23 of the Federal Rules of Civil Procedure provided an independent basis for Article III justiciability.

———————

STEPHEN J. FEARON, JR., Squitieri & Fearon, LLP, New York, NY,
*for Plaintiff–Appellee.*

HUGH M. RUSS, III, Hodgson Russ LLP, Buffalo, NY,
*for Defendants–Appellants.*

Adina H. Rosenbaum, Scott L. Nelson, Washington, DC, *for Amicus Curiae* Public Citizen, Inc.

———————

KATZMANN, *Chief Judge*:

Plaintiff Patrick Tanasi filed a putative class action against the defendants, First Niagara Financial Group, Inc. and New Alliance Bank. Soon after, the defendants offered to settle Tanasi's individual claims pursuant to Rule 68 of the Federal Rules of Civil Procedure ("Federal Rules") for an amount greater than the statutory damages to which Tanasi would have been entitled if successful.

2

After Tanasi refused to accept the offer, the defendants filed a motion to dismiss arguing, *inter alia*, that the unaccepted Rule 68 offer rendered Tanasi's individual and putative class action claims moot. The United States District Court for the Western District of New York (Skretny, *C.J.*) denied the defendants' motion to dismiss on this basis, holding that although Tanasi's individual claims were rendered moot by the unaccepted Rule 68 offer, his putative class action claims were not.[1]

We AFFIRM the district court's ultimate conclusion that the unaccepted Rule 68 offer did not render Tanasi's case moot, but we do so on an alternative ground. Specifically, we hold that the district court maintained Article III subject matter jurisdiction over the case because, under the law of our Circuit, an unaccepted Rule 68 offer alone does not render a plaintiff's individual claims moot before the entry of judgment against the defendants. The district court therefore maintained Article III subject matter jurisdiction over the case regardless of Tanasi's putative class action claims. Accordingly, because it is

---

[1] This issue is implicated in several cases pending in other federal courts of appeal, *see, e.g.*, *Weitzner v. Sanofi Pasteur, Inc.*, No. 14-3423 (3d Cir. argued Mar. 4, 2015); *Bais Yaakov of Spring Valley v. ACT, Inc.*, No. 14-1789 (1st Cir. argued Oct. 7, 2014). The Eleventh Circuit recently concluded as a matter of first impression in that Circuit that neither individual claims nor class action claims are rendered moot by an unaccepted Rule 68 offer. *See Stein v. Buccaneers Ltd. P'ship*, 772 F.3d 698, 704, 709 (11th Cir. 2014).

unnecessary to the disposition of this case, we refrain from reaching the certified question of whether putative class action claims brought under Rule 23 of the Federal Rules generally provide an independent basis for Article III justiciability.[2]

## BACKGROUND

On July 9, 2012, Patrick Tanasi filed a putative nationwide class action against the defendants, First Niagara Financial Group, Inc. and its predecessor in interest New Alliance Bank, seeking money damages arising from the purportedly improper assessment of overdraft fees on his account and the accounts of others similarly situated. Tanasi did not file a simultaneous motion for class certification with his complaint—nor has he filed such a motion since.

Nine days later, the defendants made a Rule 68 offer of judgment to Tanasi "on his individual claims" for $10,000 plus interest, reasonable attorneys' fees, costs, and any "other damages he seeks on his individual claims." J.A. 103. The offer, expressly made pursuant to Rule 68 of the Federal Rules, stated, among

---

[2] We are not strictly confined to the question presented for interlocutory appeal by the district court. Rather, we "may address any issue fairly included within the certified order because it is the *order* that is appealable." *In re U.S. Lines, Inc.*, 197 F.3d 631, 635–36 (2d Cir. 1999) (quoting *Yamaha Motor Corp. v. Calhoun*, 516 U.S. 199, 205 (1996)). Here, that issue is whether Tanasi's individual claims were rendered moot by the unaccepted Rule 68 offer.

other things, that it was "not, and shall not be construed as, an admission that First Niagara is liable in this action, or that plaintiff, or any person whose rights or interests plaintiff purports to represent, or on whose behalf plaintiff purports to sue have suffered any damages." *Id.* at 104. The $10,000 offer exceeded the individual damages to which Tanasi would have been entitled had he prevailed on the individual claims alleged in his complaint. Tanasi, however, allowed the offer to lapse by refusing to respond within fourteen days as required by both Rule 68 and the express terms of the defendants' offer.

On August 9, 2012, the defendants moved to dismiss the complaint on both jurisdictional grounds and the merits. As a jurisdictional matter, the defendants argued that the unaccepted Rule 68 offer rendered moot Tanasi's individual and putative Rule 23 class action claims. In a thoughtful opinion, the district court disagreed in part and concluded that although the unaccepted Rule 68 offer rendered Tanasi's individual claims moot, his putative Rule 23 class action claims nevertheless remained justiciable. The district court then considered the defendants' arguments on the merits, dismissing one of Tanasi's claims and allowing the others to proceed.

Although a denial of a motion to dismiss is generally not a final appealable order, the defendants filed a motion for a certificate of interlocutory appeal pursuant to 28 U.S.C. § 1292(b). On December 17, 2013, the district court granted this motion concluding that the question of "whether a pre-certification offer of judgment under Rule 68 moots a putative class action" has divided courts in this Circuit and around the country. Special App. 19. Moreover, the district court emphasized that interlocutory review was justified in this case because, "if this question were resolved in [d]efendants' favor, the case would effectively be concluded." *Id.* The district court stayed the case during the pendency of the certification process and this appeal.

## DISCUSSION

We review de novo a district court's decision concerning Article III subject matter jurisdiction insofar as that decision is based solely on conclusions of law. *See Mackensworth v. S.S. Am. Merch.*, 28 F.3d 246, 252 (2d Cir. 1994). On appeal, Tanasi asserts two independent bases for subject matter jurisdiction. First, he argues that the district court erred in assuming that his individual claims were rendered moot by the unaccepted Rule 68 offer. Second, he argues that even if the district court correctly concluded that his individual claims were moot, his

6

putative Rule 23 claims provided an independent basis for Article III subject matter jurisdiction. The defendants, by contrast, contend that the district court correctly determined that Tanasi's individual claims were rendered moot by the unaccepted Rule 68 offer, but erred in holding that Tanasi's putative class action claims were not.

We agree with Tanasi's first argument and therefore need not address his second. It is well established that "[t]he Case or Controversy Clause of Article III, Section 2 of the United States Constitution limits the subject matter jurisdiction of the federal courts such that the 'parties must continue to have a personal stake in the outcome of the lawsuit.'" *United States v. Wiltshire*, 772 F.3d 976, 978 (2d Cir. 2014) (per curiam) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 478 (1990)). That is, "[w]hen the issues in dispute between the parties are no longer live, a case becomes moot." *Lillbask ex rel. Mauclaire v. Conn. Dep't of Educ.*, 397 F.3d 77, 84 (2d Cir. 2005) (internal quotation marks omitted).

Under Rule 68 of the Federal Rules, "[a]t least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). If, within 14 days of a party's offer, the offeree accepts, "the clerk

must . . . enter judgment." *Id.* If, however, the offeree does not accept this offer, it is "considered withdrawn," *id.* 68(b), and should the case proceed to trial and "the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, [then] the offeree must pay the costs incurred after the offer was made," *id.* 68(d). The purpose of Rule 68 according to the Supreme Court is "to encourage settlement and avoid litigation." *Marek v. Chesny*, 473 U.S. 1, 5 (1985); *see also* Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3001 ("It is roundly agreed in the courts that Rule 68 was intended to encourage settlements and avoid protracted litigation . . . .").

What Rule 68 does not make clear, however, is the effect, if any, of an unaccepted offer on the justiciability of a plaintiff's claim under the Constitution's Case or Controversy Clause. "A case becomes moot [pursuant to Article III's Case or Controversy Clause] . . . when it is impossible for a court to grant 'any effectual relief whatever to the prevailing party.'" *Knox v. Serv. Emps. Int'l Union, Local 1000*, 132 S. Ct. 2277, 2287 (2012) (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)). Nevertheless, it is not entirely clear whether an unaccepted offer of complete relief under Rule 68 meets this standard.[3]

---

[3] Although this issue was arguably presented in *Genesis Healthcare Corp. v. Symczyk*, the Supreme Court chose not to consider it because, in the majority's view, the issue was

The federal courts of appeals are split on this question. The Third, Fourth, Fifth, Seventh, Tenth, and Federal Circuits have all concluded that a Rule 68 offer of complete relief to an individual renders his case moot for purposes of Article III, regardless of whether judgment is entered against the defendant.[4] On the other hand, the Ninth and Eleventh Circuits, the two courts of appeals that have considered this question most recently, have reached the opposite conclusion. *See Stein v. Buccaneers Ltd. P'ship*, 772 F.3d 698, 702 (11th Cir. 2014) (holding that an unaccepted Rule 68 offer cannot moot a case because "[g]iving controlling effect to an unaccepted Rule 68 offer . . . is flatly inconsistent with the rule"); *Diaz v.*

---

waived below and in the petition for writ of certiorari. 133 S. Ct. 1523, 1529 (2013). *But see id.* at 1534 (Kagan, *J.*, dissenting) (reasoning that the question of whether a Rule 68 offer renders moot an individual's claim was "logically prior to [] and thus inextricably intertwined with [] the question" of whether a Rule 68 offer moots a plaintiff's collective claims).

[4] *See Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 371 (4th Cir. 2012) ("When a Rule 68 offer unequivocally offers a plaintiff all of the relief she sought to obtain, the offer renders the plaintiff's action moot." (internal quotation marks and citation omitted)); *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1243 (10th Cir. 2011) ("As Rule 68 operates, if an offer is made for a plaintiff's maximum recovery, his action may be rendered moot."); *Thorogood v. Sears, Roebuck & Co.*, 595 F.3d 750, 752 (7th Cir. 2010) ("The offer exceeded the amount in controversy and so the case was moot."); *Samsung Elecs. Co. v. Rambus, Inc.*, 523 F.3d 1374, 1379 (Fed. Cir. 2008) ("An offer for full relief moots a claim for attorney fees."); *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 502 (5th Cir. 2005) ("[A] full settlement offer, even if refused, would dispose of [the plaintiff's] individual claims."); *Weiss v. Regal Collections*, 385 F.3d 337, 342 (3d Cir. 2004) ("[U]nder traditional mootness principles, an offer for the entirety of a plaintiff's claim will generally moot the claim.").

*First Am. Home Buyers Prot. Corp.*, 732 F.3d 948, 954–55 (9th Cir. 2013) (holding that "an unaccepted Rule 68 offer that would have fully satisfied a plaintiff's claim does not render that claim moot . . . [as a result of] the language, structure and purposes of Rule 68 and . . . fundamental principles governing mootness").

In this case, the district court summarily concluded that in our Circuit "it is settled that, if Tanasi were not seeking to represent a class, the [defendants'] complete offer of judgment would moot his claim and strip this Court of subject-matter jurisdiction over it." Special App. 5. We respectfully differ with this conclusion.

To be fair, that the district court reached this conclusion is wholly understandable given that our prior case law has not always been entirely clear on this subject.[5] Consequently, the district courts within our Circuit have not deduced a single rule from our prior jurisprudence on the issue. *See* Special App. 9 (listing district court decisions within our Circuit supporting these two

---

[5] As a recent case comment in the *Harvard Law Review* observed, "the Second Circuit has produced several opinions addressing this question; other courts interpreting these opinions have come to opposite views about the Second Circuit's position without ever acknowledging these divergent interpretations." *Civil Procedure-Rule 68 of the Federal Rules of Civil Procedure-Ninth Circuit Holds That Unaccepted Rule 68 Offer Does Not Moot Plaintiff's Individual Claims.-Diaz v. First American Home Buyers Protection Corp., 732 F.3d 948 (9th Cir. 2013)*, 127 Harv. L. Rev. 1260, 1263–64 (2014).

contradictory conclusions). Some, like the district court below, have read our

prior cases to stand unequivocally for the proposition that an unaccepted offer of

complete relief renders moot an individual's claim. Others, like the Ninth Circuit,

have read our case law to stand unequivocally for the opposite conclusion—that

only a judgment and not an unaccepted Rule 68 offer of complete relief renders

moot a plaintiff's individual claim. *See Diaz*, 732 F.3d at 952.

In light of this confusion, we find it necessary to the resolution of this case

to clarify and reiterate that it remains the established law of this Circuit that a

"rejected settlement offer [under Rule 68], by itself, [cannot render] moot[] [a]

case."[6] *McCauley v. Trans Union, L.L.C.*, 402 F.3d 340, 342 (2d Cir. 2005). If the

---

[6] Though some have held that our decision in *Doyle v. Midland Credit Management, Inc.*, 722 F.3d 78 (2d Cir. 2013) (per curiam), compels a contradictory result, we respectfully disagree with this conclusion. *Doyle* never purported to hold that the mere offer of complete relief to an individual moots his claim regardless of whether this offer is accepted. *Doyle* expressly held that "an offer need not comply with Federal Rule of Civil Procedure 68 in order to render a case moot under Article III." 722 F.3d at 81. Insofar as it also concluded that "Doyle's refusal to settle the case in return for Midland's offer . . ., notwithstanding Doyle's acknowledgement that he could win no more, was sufficient ground to dismiss this case for lack of subject matter jurisdiction," *id.*, it could have done so only as a result of the parties' failure to contest the issue at trial or on appeal. *See, e.g.*, *Genesis Healthcare Corp.*, 133 S. Ct. at 1529 (noting that where an argument as to the relevant law is conceded, the court may assume the law as stated by the parties is correct without deciding). *Doyle* did not mention *McCauley*, much less purport to overrule it. Moreover, even if the *Doyle* Court had wanted to overrule *McCauley*, it could not have done so. A subsequent panel is bound by the decisions of a prior panel absent a ruling from the Second Circuit sitting en banc or from the United States Supreme Court. *See Lotes Co. v. Hon Hai Precision Indus. Co.*, 753 F.3d 395, 405 (2d Cir.

11

parties agree that a judgment should be entered against the defendant, then the district court should enter such a judgment. *See id.* Then, *after* judgment is entered, the plaintiff's individual claims will become moot for purposes of Article III. *See ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.*, 485 F.3d 85, 94 (2d Cir. 2007) ("Mootness, in the constitutional sense, occurs when the parties have no 'legally cognizable interest' or practical 'personal stake' in the dispute, and the court is therefore incapable of granting a judgment that will affect the legal rights as between the parties."). Absent such agreement, however, the district court should not enter judgment against the defendant if it does not provide complete relief. *See Cabala v. Crowley*, 736 F.3d 226, 230 (2d Cir. 2013).

Applying this standard to the present case, we conclude that Tanasi's individual claims were not rendered moot, in the constitutional sense, by the unaccepted Rule 68 offer. Instead, because the district court had not yet entered judgment against the defendants when it reached its decision on the motion to dismiss, the court maintained Article III subject matter jurisdiction over the case regardless of Tanasi's putative class action claims.

2014). Where a second panel's decision seems to contradict the first, and there is no basis on which to distinguish the two cases, we have no choice but to follow the rule announced by the first panel.

**CONCLUSION**

Accordingly, for these reasons, we affirm the district court's decision that it maintained subject matter jurisdiction over the case, albeit on the alternative ground that Tanasi's individual claims were not moot at the time the district court denied the defendants' motion to dismiss. We need not consider and leave for another day the question of whether putative class action claims under Rule 23 generally provide an independent basis for justiciability after a plaintiff's individual claims are rendered moot.